## Lewis Beaver v. George Creevey, Appellant.

*Negligence—Automobiles—Collision — Case for jury —Verdict for plaintiff—Evidence—Sufficiency.*

In an action of trespass to recover damages for personal injuries, sustained in the collision between two automobiles, the case is for the jury, and a verdict and judgment for the plaintiff will be affirmed, where the evidence produced on the part of the plaintiff was sufficient to support the verdict.

In such case, a verdict of $1,000 is not against the weight of the evidence, where the plaintiff was injured to an extent which confined him to his house for several weeks, and where he sustained considerable pain and suffering.

Argued October 22, 1924. Appeal, No. 140, Oct. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1922, No. 3703, on verdict for plaintiff, in the case of Lewis Beaver v. George Creevey. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before AUDENRIED, P. J.

The facts are stated in the following opinion of the court below:

The plaintiff's car was struck by one belonging to the defendant which at the time of the collision was operated by an employee of the latter. This action was brought for the recovery of damages on the ground that the defendant's chauffeur was guilty of negligence that caused the accident. It is conceded that under the evidence, the case had to be submitted to the jury. No fault is found by the defendant with the rulings or charge of the trial judge, but he asks for a new trial on the ground that the verdict was against the evidence, the weight of the evidence, and the law, and that it was capricious. A careful examination of the notes of testimony fails to convince us that the jury's finding is seriously open to criticism for any of the reasons suggested. The plaintiff sued to recover compensation for the loss of his automobile which was wholly destroyed in the collision and for injuries to his person. He was unable at the trial, to show the value of his car; and the jury were instructed to disregard that part of his claim. In the accident, Mr. Beaver was bruised in his back and in his chest; his left hip was sprained; and his left leg was bruised from knee to ankle. He was treated at a hospital for his injuries, and then went to his home, to which, he said, he was confined for several weeks. He was, as he put it, badly shaken up and he sustained considerable pain. While confined to his house, he was unable to carry on his business as dealer in antique furniture and thus lost what he might otherwise have made during that time. His earnings, he testified, amounted to $50 per week. His physician's bill amounted to $31. We think that, while the damages awarded the plaintiff were full, it cannot be said that they were excessive. A second trial would probably result in another verdict for the plaintiff, which might be for even a larger sum, since it is not improbable that he would then be prepared to show what his motor car

was worth. In view of all the circumstances, we think that a new trial should be refused.

Verdict for plaintiff in the sum of $1,000, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal to grant new trial.

*N. Shapiro,* and with him *Evans and Wernick,* for appellant.

*William Charles Brown,* for appellee.

PER CURIAM, February 27, 1925:

The disputed questions of fact in this case were so fairly submitted to the trial jury that no challenge was made by counsel to the manner of presentation, the only suggestion being that the verdict was against the weight of the evidence, and was capricious. After a careful review of the evidence and the opinion of the learned trial judge, we are satisfied that the case was properly disposed of as to the facts and the law applicable thereto.

The judgment is affirmed.